UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY SAND,

        Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
et al.,

        Defendants.

Case No. 1:14-cv-1155

Honorable Robert Holmes Bell

**REPORT AND RECOMMENDATION**

        This is a civil action brought *pro se* by Jeffrey Sand.  The defendants are JPMorgan Chase Bank, N.A. (Chase), Bank of America, Prolending Mortgage, 1st Capital Investment Co. LLC (1st Capital), All Star Locating, Inc., Barbara C. Schneider, Vickie Williams, Taylor Clark, and Thomas Tynes.  The matter is before the court on defendants' motions to dismiss.[1]  (docket #s 4, 14, 20, 21, 24).  Upon review, I find that plaintiff lacks standing to bring any claim against defendants.  I recommend that defendants' motion be granted and that this lawsuit be dismissed in its entirety.

**Discussion**

        Jeffrey Sand filed this lawsuit in Kalamazoo County Circuit Court.  It was removed here in November 2014.  The seven counts listed in the complaint are as follows:

        1.     Fraudulent Predatory Mortgage Lending Practices of Bank of America;

        2.     Fraudulent Predatory Mortgage Lending Practices of Chase Bank;

        3.     Fraud Intentional Misrepresentation and Conspiracy to Commit Fraud by All Star Locating, Inc., Barbara Schneider, and Vickie Williams;

---

[1] I note that defendants 1st Capital, Williams, Clark, and Tynes have never been served with process or otherwise appeared in this lawsuit.  Nonetheless, they are entitled to dismissal of all plaintiff's claims against them because plaintiff lacks standing.

  4.  Fraud Intentional Misrepresentation and Conspiracy to Commit Mortgage Fraud by Defendant 1st Capital;

  5.  Fraud Intentional Misrepresentation and Conspiracy to Commit Mortgage Fraud by Defendant Prolending Mortgage;

  6.  Conspiracy to Commit Fraud and Fraudulent Appraisal of Real Estate Property by Defendant Tynes; and

  7.  Fraudulent Inducement Conspiracy to Commit Fraud by Defendant Clark.

There are no factual allegations in the complaint regarding plaintiff, Jeffrey Sand, other than statements that in September 2014, his wife, Kim-Ping Wong, a/k/a/ Kimberly Sand assigned her claims in this lawsuit to him. (Compl. at ¶¶ 18-20). Jeffrey Sand seeks an award of damages and the court costs and legal fees that Kim-Ping Wong incurred in her Chapter 7 bankruptcy, Case No. 12-03327-JRH (Bankr. W.D. Mich. 2012).

By contrast, the complaint contains numerous allegations regarding Kim-Ping Wong, real property located in Michigan and Texas, mortgage lending related to the real property, foreclosure proceedings, and proceedings in the United States Bankruptcy Court for the Western District of Michigan.

Kim-Ping Wong filed her bankruptcy petition on April 13, 2012.[2] She failed to list the claims Jeffrey Sand is now attempting to assert on Schedule B of her bankruptcy petition. (docket # 5-7, ID#s 123-26). Any cause of action that she may have had was required to have been disclosed. *See Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 198, 207-08 (5th Cir. 1999); *Johnson v. Lewis Cass Intermediate Sch. Dist. (In re Johnson)*, 345 B.R. 816, 822 (Bankr. W.D. Mich. 2006). Any claim that Kim-Ping Wong may have had became property of the

---

[2]Kim-Ping Wong received a discharge in bankruptcy on September 9, 2012. (docket # 5-8. ID# 164).

bankruptcy estate.  *See Demczyk v. Mut. Life Ins. Co. (In re Graham Square, Inc.)*, 126 F.3d 823, 831 (6th Cir. 1997); *see also Cannon-Stokes v. Potter*, 453 F.3d 446, 448-49 (7th Cir. 2006); *CSX Transp., Inc. v. Denardo*, No. 12-11060, 2013 WL 1213067, at * 4-6 (E.D. Mich. Mar. 25, 2013). Accordingly, Kim-Ping Wong had no claims to assign to Jeffrey Sand.  *See Prochnow v. Apex Properties, Inc.* (*In re Prochnow*), 467 B.R. 656, 662-65 (C.D. Ill. 2012); *Torvik v. Pontak (In re Matter of Torvik)*, 83 B.R. 450, 456 (W.D. Mich 1988); *In re Cormier*, 382 B.R. 377, 410-11 (W.D. Mich. 2008).  Jeffrey Sand lacks standing to bring the claims asserted in this lawsuit.[3]

### Recommended Disposition

For the reasons set forth herein,  I  recommend that defendants' motions be granted and that this lawsuit be dismissed in its entirety because plaintiff lacks standing.


Dated:   December 29, 2014             /s/  Phillip J. Green
                                       United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006)

---

[3]Because plaintiff lacks standing, it is not necessary to address any of the other grounds on which defendants seek dismissal of the complaint.